JUSTICE TRIEWEILER,
specially concurring in part and dissenting in part:
I concur with those parts of the majority opinion which affirm the defendant’s conviction of criminal mischief pursuant to § 45-6-101, MCA.
I dissent from that part of the majority opinion which holds that, under the circumstances in this case, the defendant can be convicted of both criminal mischief and possession of explosives without violating § 46-11-502(2), MCA.
A person violates § 45-8-335, MCA, if:
“[H]e possesses ... an explosive compound ... and:
“(a) has the purpose to use such explosive, material, or device to commit an offense ... .” [Emphasis added.]
In other words, an essential element of the crime of possession of explosives is the intent to commit an offense.
In this case, the State proved a violation of § 45-8-335, MCA, by establishing that defendant possessed explosives with the intent to damage or destroy a City of Missoula police vehicle.
Section 45-6-101, MCA, provides that:
“(1) A person commits the offense of criminal mischief if he knowingly or purposely:
“(a) ... damages, or destroys any property of another or public property without consent... .”
The defendant could not have committed the crime of criminal mischief without first having formed the intent to damage or destroy the City of Missoula’s police vehicle. The formation of that intent was merely preparatory to commission of the offense. However, in this case, defendant is being separately punished for both formation of the intent and commission of the act of criminal mischief.
To understand the significance of what is happening here, you need only look at the penalties provided for under each statute. The maximum penalty for criminal mischief under § 45-6-101, MCA, is ten years. The maximum penalty for possession of explosives under *415 § 45-8- 335, MCA, is 20 years. In this case, defendant was sentenced to the maximum term for each offense, with ten years suspended. However, the sentences are to be served consecutively.
The majority relies on language from Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, for the proposition that the consecutive sentences imposed in this case do not violate the Fifth Amendment prohibition against double jeopardy. However, it is not necessary to consider whether what was done here violates the United States Constitution. Stacking on prison terms for various acts which culminate in one offense is exactly what § 46-11-502(2), MCA, was designed to prevent.
Forming the intent to bomb the Missoula police vehicle and actually carrying out that intent, constitute the “same transaction” under Montana criminal law. Section 46-11-501, MCA, defines “same transaction” as follows:
“(1) The term ‘same transaction’ includes conduct consisting of:
“(a) a series of acts or omissions which are motivated by a purpose to accomplish a criminal objective and which are necessary or incidental to the accomplishment of that objective ... .”
In this case, possessing explosives was not an offense in and of itself. In order to constitute a crime, the explosives had to have been possessed by the defendant for the purpose of committing a crime. The only crime for which defendant possessed explosives in this case was to blow up the Missoula City police vehicle. Defendant’s possession of explosives and actually blowing up the police vehicle were a series of acts motivated by a single criminal objective, and, therefore, constitute the “same transaction.”
Under these circumstances, § 46-11-502, MCA, provides the following prohibition:
“When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
* * *
“(2) one offense consists only of a conspiracy or other form of preparation to commit the other ... .”
Clearly, in this case, possessing explosives for the purpose of blowing up a police vehicle was a “form of preparation” for actually blowing up the same vehicle.
The majority disposes of § 46-11-502(2), MCA, by concluding *416 (without citation to any authority) that “§ 46-11-502(2), MCA ... is limited in its application to situations where one crime charged is an inchoate crime.” I disagree with that conclusion because it provides a requirement for the application of § 46-11-502(2), MCA, which was neither provided by the legislature, nor finds precedent in any case law which has been cited to this Court.
The majority goes on to conclude that “[njeither criminal mischief nor possession of explosives is an inchoate crime.” However, I do not agree.
“Inchoate” is described in Black’s Law Dictionary as “[ijmperfect; partial; unfinished; begun, but not completed ... .” A necessary element of the crime of “possession of explosives” is “the purpose to use such explosive, material, or device to commit an offense ... .” Therefore, possession of explosives is exactly the kind of “inchoate crime” or “anticipatory offense” for which double punishment is proscribed under § 46-11-502(2), MCA.
The legislature has seen fit to limit punishment for criminal mischief to ten years in the State Prison. However, in essence, the defendant in this case has had another 20 years added on to that sentence for forming the intent to commit the crime in the first place. That is clearly a double punishment for the same crime.
For these reasons, I would reverse that part of the District Court judgment which imposed a sentence of 20 years on the defendant for possession of explosives. I would vacate and dismiss that sentence and affirm that part of the District Court judgment convicting the defendant of criminal mischief and sentencing him to the State Prison for that crime.
JUSTICE HUNT concurs with the foregoing partial concurrence and partial dissent of JUSTICE TRIEWEILER.